UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICKY WEBER, | ) |
|     Plaintiff, | ) ) ) ) Case No. |
| v. | ) ) |
| TAYLER WAYNE and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, | ) ) **JURY TRIAL DEMANDED** ) ) |
|     Defendants. | ) ) |

## NOTICE OF REMOVAL

In accordance with the provisions of 28 U.S.C. § 1441, *et seq.*, notice is given as follows:

1. Defendant Swift Transportation Co. of Arizona, LLC removes this action from the Third Judicial Circuit for Madison County, Illinois (the "State Court") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is warranted under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000. In support of this Notice, Swift states as follows:

## BACKGROUND

2. On May 15, 2018, Plaintiff filed her Complaint in the Circuit Court for the Third Judicial Circuit for Madison County, Illinois against Defendants Tayler Wayne and Swift Transportation Co. of Arizona, LLC, as Case No. 2018-L-000648 (the "State Court Action").

3. In the Complaint, Plaintiff alleges that a motor-vehicle accident occurred in Madison County, Illinois on June 14, 2016. According to the Complaint, Vicky Weber was operating her vehicle in a northerly direction on Interstate 55, and Tayler Wayne was also operating a tractor-trailer unit within the course and scope of his employment and/or agency with Swift Transportation Company of Arizona, LLC in a northerly direction on Interstate 55. Complaint,

¶¶ 1-2. According to the Complaint, there was a motor-vehicle accident involving Weber's vehicle and Wayne's tractor-trailer. A copy of all pleadings, orders, and other documents on file in the state court is attached hereto as "Exhibit A."

4.  The Complaint contains separate negligence claims against Tayler Wayne and Swift Transportation Co. of Arizona, LLC. Count I sets forth a negligence claim against Tayler Wayne, with a number of negligent acts specifically alleged. Complaint, Count I, ¶ 4. In Count II, Plaintiff asserts that, essentially, Swift Transportation is vicariously liable for the alleged negligent acts of its agent, servant, and/or employee, Tayler Wayne. Complaint, Count II, ¶¶ 3-4.

5.  As a result of this motor-vehicle accident, Plaintiff alleges that she was "made sick, sore, lame, disordered and disabled" and that she suffered" extensive injuries" to: (i) her head, (ii) her left shoulder, (iii) her left hip, (iv) her low back, and (v) the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves. Complaint, ¶ 5. Plaintiff further alleges that she has already "expended money for necessary medical care, treatment and services," and that she will also be "required to expend money for medical care, treatment and services in the future." Complaint, ¶ 5. As a result of her injuries, Plaintiff alleges that she has "suffered disability." Complaint, ¶ 5.

6.  In addition to the physical injuries identified in the Complaint, Plaintiff also claims damages because she has "experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future." Complaint, ¶ 5.

7.  Plaintiff also seeks to recover the money that she lost in the form of her "loss of wages," in addition to damages for the "impairment of future earning capacity." Complaint, ¶ 5.

8.  Along with her Complaint, Plaintiff's counsel submitted an Affidavit, made pursuant to Illinois Supreme Court Rule 222(b), stating that "[u]nder the penalties of perjury as

2

provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by plaintiff herein does exceed $50,000." *See* Affidavit of John H. Hustava.

9. On June 14, 2018, Country Preferred Insurance Company filed its Motion for Leave to Intervene in the State Court Action, along with a [Proposed] Complaint in Intervention. In its Motion and Proposed Complaint, Country Preferred—the self-described "Intervening Plaintiff"—alleged that it was the provider of an automobile insurance policy for Vicky Weber that was in effect on the date of this motor-vehicle accident. According to Country Preferred, it is subrogated to the rights of the insured, according to contractual provisions within its policy, including a first priority right of subrogation and reimbursement from payments made by Country Mutual to Weber pursuant to the terms of the Policy.

10. In its "Intervenor's Cause of Action," Country Preferred alleges negligent acts only attributable to Tayler Wayne, to which it claims Swift Transportation is liable. Ultimately, Country Preferred asserts that Defendants Wayne and Swift Transportation "are liable to Country Preferred for the full amount of benefits paid by County Preferred to its insured by virtue of Country Preferred's right of subrogation." Specifically, Country Preferred asserts that it is entitled to reimbursement for the following amounts paid to Plaintiff Weber:

    a. $25,988.78 for medical, loss of services and wage loss indemnity benefits; and

    b. $13,192.77 for property damage benefits.

11. Upon information and belief, Swift Transportation Co. of Arizona, LLC was served with the State Court Action on July 13, 2018.

12. Upon information and belief, Tayler Wayne has not yet been served with the State Court Action.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

13. The Circuit Court for the Third Judicial Circuit for Madison County, the court in which this action is pending, is located within the jurisdiction of the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 105(a)(1). Venue is therefore proper in this Court, pursuant to 28 U.S.C. § 1441(a).

14. Pursuant to the provisions of 28 U.S.C. § 1446(d), Swift Transportation Co. of Arizona, LLC will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court for the Third Judicial Circuit for Madison County, and will serve a copy of the same upon counsel for Plaintiff Weber and Intervening Plaintiff Country Preferred.

15. As noted above, pursuant to 28 U.S.C. § 1446(a), a full copy of the State Court file—including all process, pleadings, and orders that have been served upon Defendant—is attached as Exhibit A.

16. Because Tayler Wayne has not yet been properly served in this case, Swift has complied with the requirements set forth in 28 U.S.C. § 1446(b), even though this Notice of Removal is filed without securing the consent of Defendant Wayne. *See In re Pradaxa (Dabigatran Etexilate) Products Liab. Litig.*, 3:12-CV-60092-DRH, 2013 WL 656822, at *2 (S.D. Ill. Feb. 22, 2013) ("Federal courts, however, uniformly recognize that … unserved defendants are not required to join in the removal") (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.1993) (overruled on other grounds by *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir.2006) (noting that a party's consent "was not needed" where it was not served until after the filing of the removal petition)).

## DIVERSITY OF CITIZENSHIP EXISTS

17. The Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### *The Parties Are Citizens of Different States*

18. Upon information and belief, and according to Country Preferred's Motion for Leave to Intervene in the State Court Action and its [Proposed] Complaint in Intervention, Plaintiff Vicky Weber is, and was at the time this action was filed, a resident of Illinois.

19. Upon information and belief, and according to Country Preferred's Motion for Leave to Intervene in the State Court Action and its [Proposed] Complaint in Intervention, Defendant Tayler Wayne is a resident of the State of California.

20. According to Country Preferred's Motion for Leave to Intervene in the State Court Action and its [Proposed] Complaint in Intervention, Country Preferred Insurance Company is a domestic insurance company that is authorized to conduct business in the State of Illinois, and, upon information and belief, has its principal place of business in Bloomington, Illinois.

21. Defendant, Swift Transportation Company of Arizona, LLC, is, and was at the time this action was filed, a limited liability company organized under the law of the State of Delaware. Its principal place of business is in the State of Arizona. For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The sole member of Swift Transportation Company of Arizona, LLC is Swift Transportation Co., LLC. Swift Transportation Co., LLC is a limited liability company organized under the law of the State of Delaware. Its principal place of business is in the State of Arizona. The sole member of Swift Transportation Co., LLC is Knight-Swift

Transportation Holdings, Inc., a publicly traded corporation organized under the law of the State of Delaware, with a principal place of business in the State of Arizona. No publicly traded entity owns more than 10% of its stock. Therefore, Swift Transportation Company of Arizona, LLC, is a citizen of Delaware and Arizona for purposes of diversity jurisdiction.

22.   Thus, based on the information available, diversity is complete as Plaintiff Weber and Intervening Plaintiff Country Preferred are citizens of Illinois and Defendants are citizens of different states. *See Martin v. Glob. Experience Specialists, Inc.*, 2014 WL 2598788, at *3–4 (N.D. Ill. June 10, 2014) (concluding that an insurer, acting as an intervenor-plaintiff and seeking to recover benefits paid on behalf of an insured, has interests that are aligned with the plaintiff). Here, there is no indication that there are any opposing interests between Plaintiff Weber and Intervening Plaintiff Country Preferred, and therefore, their interests should be treated as aligned with one another for purposes of this litigation.

### *The Amount in Controversy Exceeds $75,000*

23.   Plaintiff seeks to recover an amount in excess of $75,000, exclusive of costs and interests in its case against Swift Transportation Co. of Arizona, LLC and Tayler Wayne.

24.   The proper analysis in deciding whether the amount in controversy exceeds $75,000 is determining "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Sargent v. Cassens Corp.*, 2007 WL 1673289, *9 (S.D. Ill. June 7, 2007) (quoting *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006)). Defendant need only meet this burden by "a preponderance of the evidence." *Id.* (quoting *Meridian Secur. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). "Once the facts have been established, . . . [o]nly if it is legally certain that the recovery . . . will be less than the jurisdictional floor" may

the case be remanded. *Id.* (quoting *Meridian Secur. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Put simply, "removal is proper if the defendant's estimate of the stakes is plausible." *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

25.     As a result of Vicky Weber's alleged injuries, Plaintiff Weber seeks damages in excess of $50,000.00. *See* Compl. and Hustava Aff. Because of the alleged severity of the injuries described by Plaintiff, including allegations of past medical expenses, past and future pain and suffering, her potential future medical expenses, and the lost wages and diminished earning capacity that she has allegedly suffered, it is readily apparent that the damages claimed by Plaintiff exceed $75,000.00.

26.     Moreover, when a plaintiff's complaint does not specifically state the amount in controversy, a defendant can point to relevant evidence to satisfy their burden of establishing an amount in controversy greater than $75,000.00. *See Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427–28 (7th Cir. 1997) (recognizing that, in such cases, "the district court may look outside the pleadings to other evidence of jurisdictional amount in the record").

27.     In this case, Plaintiff's counsel has certified, under the penalties of perjury, that the money damages sought by Plaintiff, at this time, already exceed $50,000.00. *See* Hustava Aff. This is significant because, upon information and belief, Plaintiff Weber is scheduled for hip surgery in the coming months, which will significantly increase the medical expenses that she attributes to this motor-vehicle accident, as well as her alleged pain and suffering. Stated simply, if Plaintiff's counsel has already certified that Plaintiff's damages exceed $50,000.00, the amount-in-controversy will certainly exceed $75,000.00 once Plaintiff's surgery on her left hip is completed in the next month or so.

28. Additionally, in Intervening Plaintiff's Proposed Complaint, it asserts that $13,192.77 was paid for property damage benefits, which it seeks to recover from Defendants in this lawsuit. This amount is *in addition to* the other items of damages that Plaintiff already seeks to recover from Defendants, which her counsel has already stated exceed $50,000.00.

29. Accordingly, Plaintiff's allegations that she has suffered past and future pain and suffering, past and future expense for treatment, and has suffered not only lost wages but a diminished earning capacity, combined with the property-damage claim of $13,192.77, Plaintiff's scheduled surgery on her left hip, and the affidavit attached to Plaintiff's complaint attesting that she seeks damages in excess of $50,000, the evidence is sufficient to demonstrate that the amount in controversy exceeds $75,000. *See Martin v. Glob. Experience Specialists, Inc.*, 2014 WL 2598788, at *5 (N.D. Ill. June 10, 2014) (holding that "allegations regarding [the plaintiff]'s past medical expenses, her ongoing physical pain, her potential future medical expenses, and the affidavit attached to her complaint filed pursuant to Illinois Supreme Court Rule 222 attesting that she seeks damages in excess of $50,000," were sufficient to establish "by a preponderance of the evidence that Plaintiffs are seeking damages in excess of $75,000"); *see also Walker v. Casey's Gen. Stores, Inc.*, No. 07-3229, 2008 WL 239137 (C.D. Ill. Jan. 28, 2008)(holding that removal was proper when the plaintiff sought to recover $27,450.60 in medical bills and other unstated amounts including great physical pain and suffering for an injury suffered in a trip-and-fall accident).

30. Therefore, Defendant has demonstrated by a preponderance of the evidence that this Court has jurisdiction of over the subject matter. *See id.*

31. Because (i) there is diversity of citizenship between the parties and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has original

jurisdiction under 28 U.S.C. § 1332. Accordingly, Swift Transportation Co. or Arizona, LLC is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the Southern District of Illinois.

## CONCLUSION

32. For these reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and this action may be removed from the Illinois Third Judicial Circuit for Madison County and brought before the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendant Swift Transportation Co. of Arizona, LLC gives notice that the action styled *Vicky Weber v. Tayler Wayne and Swift Transportation Co. of Arizona, LLC*, in the Third Judicial Circuit for Madison County, Case No. 2018-L-000648, is removed to the United States District Court for the Southern District of Illinois and requests that said district court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

**DEFENDANT FURTHER REQUESTS A TRIAL BY JURY ON ALL COUNTS OF PLAINTIFF'S COMPLAINT**

Respectfully submitted,

HEPLERBROOM LLC

By: /s/ Michael Reda  
MICHAEL REDA              # 6184782  
mreda@heplerbroom.com  
MICHAEL HARRISS           # 6319220  
meh@heplerbroom.com  
130 North Main Street  
P.O. Box 510  
Edwardsville, Illinois 62025  
Telephone: (618) 656-0184  
Fax: (618) 656-1364  
*Attorneys for Swift Transportation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of JULY, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Michael Reda
