***EFILED***
Case Number 2018L 000648
Date: 5/15/2018 11:36 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| VICKY WEBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 18-L- |
| | ) |
| TAYLER WAYNE and | ) |
| SWIFT TRANSPORTATION CO. OF | ) |
| ARIZONA, LLC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT
### COUNT I

COMES NOW, the plaintiff, Vicky Weber, by and through her attorney, John H. Hustava, P.C., and for her cause of action against the defendant, Tayler Wayne, alleges as follows:

1. That on or about June 14, 2016, at or about 6:04 P.M., the plaintiff, Vicky Weber, was operating her motor vehicle in a northerly direction upon Interstate 55, approximately 82 feet south of MP 20 in the Township of Jarvis, County of Madison, and the State of Illinois.

2. That on or about June 14, 2016, at or about 6:04 P.M., the defendant, Tayler Wayne, was operating his motor vehicle in a northerly direction upon Interstate 55, approximately 82 feet south of MP 20 in the Township of Jarvis, County of Madison, and the State of Illinois.

3. That at the aforementioned time and place, the defendant, Tayler Wayne, failed to keep his motor vehicle in his lane of traffic and coming over into the plaintiff's lane of traffic, causing a collision to occur and injury to the plaintiff, Vicky Weber.

4. That at the aforementioned time and place, the defendant, Tayler Wayne, committed one or more of the following acts of negligence or omissions which directly and proximately caused said collision to occur:

   (a) The defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the plaintiff;

   (b) That the defendant drove the vehicle in such a manner as to permit it to come over into the plaintiff's lane of traffic, causing a collision to occur.

   (c) That the defendant failed to properly apply the brakes of the vehicle.

   (d) That defendant operated the vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601;

   (e) That defendant drove his vehicle from his lane of traffic into the lane of traffic in which the plaintiff occupied, contrary to the provisions of 625 ILCS 5/11-801;

   (f) That defendant operated the vehicle upon the highway without it being equipped with brakes adequate to control the movement of and to stop and hold said vehicle, contrary to the provisions of 625 ILCS 5/12-301;

5. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, Tayler Wayne, the plaintiff, Vicky Weber, was injured in one or more of the following ways: That plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body and limbs, both internally and externally; the plaintiff received injuries to her left shoulder; that plaintiff received injuries to her left hip; that plaintiff received injuries to her low back; that plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and

nerves; that plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future; that plaintiff has suffered disability as a result of her injuries; that plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; that plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity; that plaintiff will suffer an impairment of future earning capacity.

WHEREFORE, the plaintiff, Vicky Weber, prays judgment against the defendant, Tayler Wayne, in a sum of money in excess of Fifty Thousand Dollars ($50,000.00), adequate to fairly and reasonably compensate her for her damages sustained herein, plus costs of this suit.

## COUNT II

COMES NOW, the plaintiff, Vicky Weber, by and through her attorney, John H. Hustava, P.C., and for her cause of action against the defendant, Swift Transportation Co. of Arizona, LLC, alleges as follows:

1. That on or about June 14, 2016, at or about 6:04 P.M., the plaintiff, Vicky Weber, was operating her motor vehicle in a northerly direction upon Interstate 55, approximately 82 feet south of MP 20 in the Township of Jarvis, County of Madison, and the State of Illinois.

2. That on or about June 14, 2016, at or about 6:04 P.M., the defendant, Swift Transportation Co. of Arizona, LLC, by and through their agent, servant and/or employee, Tayler Wayne, was operating their motor vehicle in a northerly direction upon Interstate 55, approximately 82 feet south of MP 20 in the Township of Jarvis, County of Madison, and the State of Illinois.

Page 3 of 5

3. That at the aforementioned time and place, the defendant, Swift Transportation Co. of Arizona, LLC, by and through their agent, servant and/or employee, Tayler Wayne, failed to keep his motor vehicle in his lane of traffic and coming over into the plaintiff's lane of traffic, causing a collision to occur and injury to the plaintiff, Vicky Weber.

4. That at the aforementioned time and place, the defendant, Swift Transportation Co. of Arizona, LLC, by and through their agent, servant and/or employee, Tayler Wayne, committed one or more of the following acts of negligence or omissions which directly and proximately caused said collision to occur:

(a) The defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the plaintiff;

(b) That the defendant drove the vehicle in such a manner as to permit it to come over into the plaintiff's lane of traffic, causing a collision to occur.

(c) That the defendant failed to properly apply the brakes of the vehicle.

(d) That defendant operated the vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601;

(e) That defendant drove his vehicle from his lane of traffic into the lane of traffic in which the plaintiff occupied, contrary to the provisions of 625 ILCS 5/11-801;

(f) That defendant operated the vehicle upon the highway without it being equipped with brakes adequate to control the movement of and to stop and hold said vehicle, contrary to the provisions of 625 ILCS 5/12-301;

5. That as a direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, Swift Transportation Co. of Arizona, LLC,

by and through their agent, servant and/or employee, Tayler Wayne, the plaintiff, Vicky Weber, was injured in one or more of the following ways: That plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body and limbs, both internally and externally; the plaintiff received injuries to her left shoulder; that plaintiff received injuries to her left hip; that plaintiff received injuries to her low back; that plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves; that plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future; that plaintiff has suffered disability as a result of her injuries; that plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; that plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity; that plaintiff will suffer an impairment of future earning capacity.

WHEREFORE, the plaintiff, Vicky Weber, prays judgment against the defendant, Swift Transportation Co. of Arizona, LLC, in a sum of money in excess of Fifty Thousand Dollars ($50,000.00), adequate to fairly and reasonably compensate her for her damages sustained herein, plus costs of this suit.

Respectfully submitted,

By _____
John H. Hustava   #3128886
401 St. Louis Road
Collinsville, IL 62234-0707
(618) 344-1700
(618) 344-1729 (Fax)
johnhhustavapc@yahoo.com
Attorney for the Plaintiff.

EXHIBIT A
\*\*\*EFILED\*\*\*
Case Number 2018L 000648
Date: 5/15/2018 11:36 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| VICKY WEBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 18-L- |
| | ) |
| TAYLER WAYNE and | ) |
| SWIFT TRANSPORTATION CO. OF | ) |
| ARIZONA, LLC., | ) |
| | ) |
| Defendants. | ) |

## ENTRY OF APPEARANCE

John H. Hustava, by the undersigned, enters an appearance in the above-captioned case on behalf of the plaintiff.

Respectfully submitted,

By _____
John H. Hustava   #03128886
101 St. Louis Road
Collinsville, IL 62234-0707
(618) 344-1700
(618) 344-1729 (Fax)
johnhhustavapc@yahoo.com
Attorney for the Plaintiff.

Page 1 of 1

EXHIBIT A
***EFILED***
Case Number 2018L 000648
Date: 5/15/2018 11:36 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| VICKY WEBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 18-L- |
| | ) |
| TAYLER WAYNE and | ) |
| SWIFT TRANSPORTATION CO. OF | ) |
| ARIZONA, LLC., | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

This Affidavit is made pursuant to Supreme Court Rule 222(b). Under the penalties of perjury as provided by §1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by plaintiff herein does exceed $50,000.00.

Respectfully submitted,

By _____
John H. Hustava   #03128886
101 St. Louis Road
Collinsville, IL  62234-0707
(618) 344-1700
(618) 344-1729 (Fax)
johnhhustavapc@yahoo.com
Attorney for the Plaintiff

Page 1 of 1

EXHIBIT A

\*\*\*EFILED\*\*\*
Case Number 2018L 000648
Date: 6/14/2018 3:01 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| VICKY WEBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 2018-L-000648 |
| v. | ) |
| | ) |
| TAYLER WAYNE and | ) |
| SWIFT TRANSPORTATION CO. OF | ) |
| ARIZONA, LLC. | ) |
| | ) |
| Defendants. | ) |

## COUNTRY PERERRED INSURANCE COMPANY'S MOTION FOR LEAVE TO INTERVENE

Country Preferred Insurance Company, as subrogee of Vicky Weber ("Country Preferred"), by and through its attorneys, Matthiesen, Wickert & Lehrer, S.C. moves this Court for leave to intervene as of right in this action, pursuant to 735 ILCS 52/-408(a)(2), or in the alternative, for leave to intervene by permission, pursuant to 735 ILCS 5/2-408(b)(2). As grounds for its motion, Country Peferred states as follows:

1. The Complaint filed in this matter on May 15, 2018 concerns a motor-vehicle accident involving Vicky Weber and Tayler Wayne that occurred on or about June 14, 2016 in Jarvis, Illinois (the "Accident").

2. In the Complaint described above, Plaintiff Vicky Weber ("Weber") alleges that defendants, Tayler Wayne and Swift Transportation Co. of Arizona, LLC are liable to Weber for injuries and damages Weber sustained in the Accident.

3. At all times relevant hereto, Weber was an insured under automobile insurance policy issued by Country Preferred, policy number PA8030956 (hereinafter the "Policy"). A copy of the

Policy is not attached hereto due to length but will be provided upon request by the Court or the parties.

4. Pursuant to the contractual provisions within the Policy, Country Peferred is subrogated to the rights of the insured including a first priority right of subrogation and reimbursement from any third party for payments made by Country Preferred to Weber under the Policy. The pertinent Policy provisions states as follows:

> 9. **Our Right to Recover Payment.**
>
> a. If **we** make a payment under this policy, other than Death Benefit, Coverage C-1, and the person to or for whom payment was made has a right to recover damages, **we** will be subrogated to that right (have that right transferred to **us**). That person must do whatever is necessary to enable **us** to exercise **our** rights and must do nothing after the loss to prejudice **our** rights.
>
> b. If **we** make a payment under this policy, other than Death Benefit, Coverage C-1, and the person to or for whom payment was made recovers damages from another, that person must hold the proceeds of the recovery in trust for **us** and must reimburse **us** to the extent of **our** payment. (Policy, pp. 14-15).

5. Country Peferred has paid medical, loss of services and wage loss indemnity benefits to Weber pursuant to the Policy for injuries Weber claims to have sustained in the Accident. As of June 14, 2018, Country Peferred has paid medical and indemnity benefits totaling $25,988.78.

6. In addition, Country Peferred has paid property damage benefits to Weber pursuant to the Policy for damage to Weber's motor vehicle sustained in the Accident. As of June 14, 2018, Country Peferred has paid property damage benefits in the amount of $13,192.77.

7. Country Peferred asserts that Weber's claims damages for medical, indemnity, and property damage benefits payable under the Police relate to and/or arise out of the June 14, 2016 Accident.

8. Pursuant to 735 ILCS 5/2-408(a), Country Peferred should be permitted to intervene as a matter of right as none of the current parties represents Country Peferred's interests, including

Country Peferred's contractual right of reimbursement and subrogation under the Policy. Further, because of Country Peferred's interests and rights under the Policy, the disposition of this action in Country Peferred's absence may impair or impede Country Peferred's ability to protect its rights and interests under the Policy and would result in the risk of incurring double or otherwise inconsistent obligations by reasons of Country Peferred's claimed interest in the subject of the litigation. Finally, Country Preferred's request is timely because it is being filed approximately on month after Plaintiff filed her lawsuit, and before any substantive motions have been made by the parties or ruled upon by this Court.

9. Pursuant to 735 ILCS 5/2-408(b), Country Peferred should be permitted to join as an intervening party because Country Peferred's claims and that of the Plaintiff both arise out of the same Accident, involve common questions of law and fact, and because the interests of the parties in obtaining a uniform resolution of these issues and judicial economy favors the resolution of all these claims in one Court as part of a single action.

10. Attached to this motion as Exhibit A is Country Preferred's initial pleading, consisting of its Complaint in Intervention.

WHEREFORE, Country Preferred Insurance Company moves this Honorable Court for leave to file its Complaint in Intervention, *instanter*, and for an Order permitting Country Preferred Insurance Company to intervene in this action for the protection of its contractual rights under the Policy to subrogation and reimbursement and under the laws of the State of Illinois.

DATED: June 14, 2018.

Respectfully submitted,

Stephen A. Smith
ARDC # 6311389

*Attorneys for Intervenor Country Preferred Insurance Company, as subrogee of Vicky Weber.*

P.O. Address
Matthiesen, Wickert & Lehrer, S.C.
1111 E. Sumner Street
P.O. Box 270670
Hartford, WI 53027-0670
PH.: (262) 673-7850
FAX: (262) 673-3766
E-MAIL: Ssmith@mwl-law.com

4

***EFILED***
Case Number 2018L 000648
Date: 6/14/2018 3:01 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| VICKY WEBER, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2018-L-000648 |
| v. ) | |
| ) | |
| TAYLER WAYNE and ) | |
| SWIFT TRANSPORTATION CO. OF ) | |
| ARIZONA, LLC. ) | |
| ) | |
| Defendants. ) | |

### [PROPOSED] COMPLAINT IN INTERVENTION

NOW COMES the intervenor, Country Preferred Insurance Company, as subrogee of Vicky Weber ("Country Preferred"), by and through its attorneys, Matthiesen, Wickert & Lehrer, S.C., and for its complaint in intervention states as follows:

### Parties

1. Intervening Plaintiff, Country Preferred, is and was at all relevant times a domestic insurance company and authorized to conduct business in the State of Illinois.

2. Upon information and belief, Plaintiff, Vicky Weber, is an Illinois resident residing at 515 Suppiger Way, Apartment A, Highland, Illinois 62249.

3. Upon information and belief, Defendant, Tayler Wayne, is a California resident residing at 16932 Pacific Coast, Highway 104, Huntington Beach, California 92649.

4. Upon information and belief, Swift Transportation Co. of Arizona, LLC, is incorporated in Delaware with its principal place of business in Phoenix, Arizona. Swift Transportation Co. of Arizona, LLC's registered agent is National Registered Agents, Inc. located at 208 South Lasalle Street, Suite 814, Chicago, IL 60604.

1


EXHIBIT A

## Jurisdiction and Venue

5. This Court has personal jurisdiction with respect to the above-listed Defendants because Plaintiff's cause arises out of a tort which was allegedly committed wholly within Madison County in the State of Illinois, and as a direct result of business being conducted within Madison County in the State of Illinois.

6. Venue is proper in this Court pursuant to 735 ILCS 5/2-101(2) as the subject Accident described below occurred in Madison County and the State of Illinois.

## The Original Lawsuit

7. The Complaint filed in this matter on May 15, 2018 concerns a motor-vehicle accident involving Vicky Weber and Tayler Wayne that occurred on or about June 14, 2016 on Interstate 55 in Jarvis, Illinois (the "Accident").

8. In the Complaint described above, Plaintiff Vicky Weber ("Weber") alleges that defendants, Tayler Wayne and Swift Transportation Co. of Arizona, LLC are liable to Weber for injuries and damages Weber sustained in the Accident.

## The Policy

9. At all times relevant hereto Weber was insured under an automobile insurance policy, issued by Country Preferred, policy number PA8030956 (hereinafter the "Policy"). A copy of the subject Policy is not attached hereto due to length but will be provided upon request by the Court or the parties.

10. Pursuant to the contractual provisions within the Policy, Country Preferred is subrogated to the rights of the insured including a first priority right of subrogation and reimbursement from

payments made by Country Mutual to Weber pursuant to the terms of the Policy. The pertinent policy provisions states as follows:

9. **Our Right to Recover Payment.**

a. If **we** make a payment under this policy, other than Death Benefit, Coverage C-1, and the person to or for whom payment was made has a right to recover damages, **we** will be subrogated to that right (have that right transferred to **us**). That person must do whatever is necessary to enable **us** to exercise **our** rights and must do nothing after the loss to prejudice **our** rights.

b. If **we** make a payment under this policy, other than Death Benefit, Coverage C-1, and the person to or for whom payment was made recovers damages from another, that person must hold the proceeds of the recovery in trust for **us** and must reimburse **us** to the extent of **our** payment.   (Policy, pp. 14-15).

### Intervenor's Cause of Action

11. Country Preferred incorporates by reference all statements and allegations contained in paragraphs 1 through 10.

12. At the times and place of the aforementioned Accident, the defendant, Tayler Wayne, failed to keep his motor vehicle in his lane of traffic and from coming over into Vicky Weber's lane of traffic, causing a collision to occur and injury to the person and property of Vicky Weber.

13. At the times and place of the aforementioned Accident, Tayler Wayne committed one or more of the following acts of negligence or omissions which directly and proximately caused said collision to occur:

   a) That the defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the plaintiff;

   b) That the defendant drove the vehicle in such a manner as to permit it to come over into the plaintiff's lane of traffic, causing a collision to occur;

   c) That the defendant failed to properly apply the brakes of the vehicle;

   d) That the defendant operated the vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there

    upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601;

  e) That the defendant drove his vehicle from his lane of traffic into the lane of traffic in which the plaintiff occupied, contrary to the provisions of 625 ILCS 5/11-801;

  f) That defendant operated the vehicle upon the highway without it being equipped with brakes adequate to control the movement of and to stop and hold said vehicle, contrary to the provisions of 325 ILCS 5/12-301.

14. That the direct and proximate result of one or more of the foregoing acts of negligence or omissions on the part of the defendant, Tayler Wayne, the plaintiff, Vicky Weber was injured.

15. At all times relevant, Tayler Wayne was driving his vehicle in the course and scope of his employment with Swift Transportation Co. of Arizona, LLC, and therefore Swift Transportation Co. of Arizona, LLC is vicariously liable for the negligent actions of its employee, Tayler Wayne.

16. In addition, Tayler Wayne was operating a vehicle owned by Swift Transportation Co. of Arizona, LLC at the time of the subject Accident described above. Under Illinois law there is a presumption that Tayler Wayne was an agent of Swift Transportation Co. of Arizona, LLC at the time of the accident, and therefore Swift Transportation Co. of Arizona, LLC is liable for the negligent actions of its agent, Tayler Wayne.

17. Country Peferred has paid medical, loss of services and wage loss indemnity benefits to Weber pursuant to the Policy for injuries Weber claims to have sustained in the Accident. As of June 14, 2018, Country Peferred has paid medical and indemnity benefits totaling $25,988.78.

18. In addition, Country Peferred has paid property damage benefits to Weber pursuant to the Policy for damage to Weber's motor vehicle sustained in the June 14, 2016 Accident. As of June 14, 2018, Country Peferred has paid property damage benefits in the amount of $13,192.77.

19. Country Peferred asserts that Weber's claims damages for medical, indemnity, and property damage benefits payable under the Policy relate to and/or arise out of the Accident.

Consequently, Defendants Tayler Wayne and Swift Transportation Co. of Arizona, LLC are liable to Country Preferred for the full amount of benefits paid by Country Preferred to its insured by virtue of Country Preferred's right of subrogation.

20. Additionally, Plaintiff, Vicky Weber pursuant to the Policy provision referenced above has a duty to reimbursement Country Preferred for benefits paid by Country Preferred in the event Vicky Weber recovers through judgment or settlement from Defendants or unnamed third-parties that may liable for Vicky Weber's damages.

WHEREFORE, intervening plaintiff, Country Preferred Insurance Company, as subrogee of Vicky Weber, prays for entry of judgment as follows:

a) Judgment in its favor and against defendants, Tayler Wayne, and Swift Transportation Co. of Arizona, LLC, in the amount of $39,181.55, plus costs pursuant to Country Preferred Insurance Company's right of subrogation;
b) Reimbursement from any recovery obtained by Plaintiff pursuant to Country Preferred Insurance Company's right of reimbursement;
c) For its costs; and
d) Any other relief to which Country Preferred Insurance Company may be entitled and that this Court deems just and proper.

DATED:

Respectfully submitted,

_____
Stephen A. Smith
ARDC # 6311389

*Attorneys for Intervenor Country Preferred Insurance Company, as subrogee of Vicky Weber*

P.O. Address
Matthiesen, Wickert & Lehrer, S.C.

1111 E. Sumner Street
P.O. Box 270670
Hartford, WI 53027-0670
PH.: (262) 673-7850
FAX: (262) 673-3766
E-MAIL: Ssmith@mwl-law.com

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| VICKY WEBER, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>TAYLER WAYNE and )<br>SWIFT TRANSPORTATION CO. OF )<br>ARIZONA, LLC., )<br>)<br>Defendants. ) | No. 18-L-000648 |

## ALIAS SUMMONS

To the defendant:   Swift Transportation Co. of Arizona, LLC, c/o National Registered Agents, Inc., 208 S. LaSalle St., Suite 814, Chicago, IL 60604

YOU ARE SUMMONED and required to file an answer in this cause, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, Madison County Courthouse, 155 N. Main St., Edwardsville, IL 62025, within 30 days after service of this summons, exclusive of the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF PRAYED IN THE COMPLAINT.

To the officer:
This summons must be returned by the officer or other persons to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS, MARK VON NIDA the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois this _____ day of _____7/2/2018_____, 2018.

MARK VON NIDA
CLERK OF THE CIRCUIT COURT

(Seal of court)                                BY   /s/ Donna Finch
                                                   Deputy Clerk

Name: John H. Hustava
Attorney for:   Plaintiff
Address: 101 St. Louis Road
City: Collinsville, IL 62234
Telephone: (618) 344-1700

Date of Service: _____, ____
(To be inserted by officer on copy left with defendant or other person)